## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTINA GATCHEL, | ) | CIVIL ACTION |
| | ) | FILE NO._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| HENRY COUNTY, GEORGIA; | ) | |
| NORMAN "WOODY" FOWLER, | ) | |
| in his Individual Capacity; | ) | |
| MARK AMERMAN, in his | ) | |
| Individual Capacity; | ) | |
| HAROLD COOPER, | ) | |
| in his Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Christina Gatchel ("Plaintiff" or "Gatchel") respectfully submits the following Complaint:

## **INTRODUCTION**

Defendant Norman "Woody" Fowler was the Captain in charge of the Criminal Investigations Division of the Henry County Police Department. Defendant Fowler used his position and authority of his office to engage in a pattern and practice of sexually harassing his female subordinates and retaliating against them when they rejected his sexual advances. Defendant Fowler subjected Plaintiff to repeated unwanted sexual advances, comments, and touching. Plaintiff

rejected these advances. Plaintiff not only rejected these advances, she opposed Defendant Fowler's comments and conduct, which were repeatedly witnessed by Plaintiff's supervisors with the Henry County Police Department. Despite Plaintiff's supervisors witnessing Defendant Fowler's comments and conduct, Plaintiff continued to be discriminated against based on her gender.

Either Defendant Mark Amerman, as the Henry County Police Chief, or Harold Cooper, as the Henry County Human Resources Director, was the senior official exercising disciplinary measures, employment retention, and termination authority over employees of the Henry County Police Department. Consequently, Plaintiff brings claims of sexual harassment, both hostile work environment and tangible employment action, and her retaliation claim against both the County and the individual Defendants under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Henry County is also liable for identical claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"). Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

## I.     PARITES, JURISDICTION AND VENUE

1.     At all times relevant to this Complaint, Plaintiff Christina Gatchel was employed as a Police Officer with the Henry County Police Department (the "Department").

2.     Defendant Fowler is subject to this Court's jurisdiction. He may be

served with process via personal service at his residence at 1736 Fair Hope Drive Northeast, Townsend, GA 31331.

3.      Defendant Amerman is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his place of business at 110 South Zack Hinton Parkway, McDonough, GA 30253.

4.      Defendant Cooper is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his place of business at 140 Henry Parkway, McDonough, GA 30253.

5.      Defendant Henry County (the "County") is a Georgia county subject to the state's personal jurisdiction. Henry County may be served with process by serving Chair of the Henry County Board of Commissioners Carlotta Harrell at 140 Henry Parkway, McDonough, GA 30253.

6.      Plaintiff's claims under the Fourteenth Amendment, which are actionable under 42 U.SC. § 1983, and her claims under Title VII present federal questions over which the Court has subject matter jurisdiction 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7.      This Court has proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the

claim occurred in this district. Venue is also properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(1) in that a majority of Defendants reside in the Northern District of Georgia.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.     Prior to the filing of this civil action, Plaintiff timely filed a written charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC").

9.     More than 180 days have passed, and the EEOC has not issued a final determination.

10.    As such, Plaintiff properly brings suit.

## III.  GENERAL ALLEGATIONS

11.    In June 2018, Christina Gatchel began her employment with the Department as a Police Officer.

12.    Christina Gatchel's job performance always met or exceeded department standards. Officer Gatchel was known as a hard worker and enjoyed a reputation among her co-workers and supervisors as a "good officer" with a strong work ethic.

13.    Officer Gatchel was promoted to the role of Investigator with the Department's Criminal Investigation's Division ("CID" or the "Division") in June 2021.

14.    Defendant Fowler, as Police Captain over the Division, was the officer

in charge of CID.

*Officer Gatchel is subject to repeated and unwanted advances by Defendant Fowler.*

15.    Immediately upon Officer Gatchel's transfer to CID, Defendant Fowler began making comments about Officer Gatchel's physical appearance.

16.    Defendant Fowler commented on photos on Ms. Gatchel's Facebook page, even though Officer Gatchel had removed all coworkers from access to her Facebook page prior to her transfer to CID.

17.    Officer Gatchel began avoiding Defendant Fowler and his comments so she would be treated the same as male officers in Defendant Fowler's Division.

18.    In July 2021, Officer Gatchel was in the parking lot break area of the Department's South Precinct, in the company of two police sergeants. Officer Gatchel walked away from the group to avoid Defendant Fowler. As she walked away, Officer Gatchel heard Defendant Fowler tell the sergeants that she "was good to look at, but [she] was [his]."

19.    Shortly after that encounter, Defendant Fowler cornered Officer Gatchel at her desk and told her she was "the prettiest female in the department by far."

20.    Officer Gatchel began a relationship with Detective Brett Barefoot, and promptly notified the Department according to the Department's protocol. Soon thereafter, Officer Gatchel, Detective Barefoot, and Detective L. Moore were

discussing a case in a Department parking lot when they were approached by Captain Fowler. Captain Fowler told the group he was retiring soon and that he hoped Detective Barefoot and Officer Gatchel would visit him. Defendant Fowler then looked at Detective Barefoot, and, indicating Officer Gatchel, said, "I would love to wake up to that every day."

21.    Defendant Fowler continued making similar comments about Officer Gatchel's appearance and his sexual desire for Officer Gatchel for the remainder of Defendant Fowler's employment with the Department.

22.    Defendant Fowler's unwanted advances were repeatedly witnessed by multiple of Plaintiff's superiors with the Henry County Police Department. No action was taken.

### Defendant Fowler has a history of repeated and unwanted advances on female subordinates.

23.    Officer Gatchel has learned that she was one of at least nine women who worked for the Department and had been subject to Defendant Fowler's unwanted advances.

24.    On March 12, 2015, Defendant Fowler received a Letter of Reprimand for an incident that occurred on February 25, 2015, when Defendant Fowler approached a female, civilian secretary whom he had just seen talking to an African American officer. In the presence of several other officers, Defendant Fowler told this secretary, "I don't like to see you with black men." This incident

was reported to the secretary's superiors and to Defendant Cooper's Human Resources Department.

25.     On October 4, 2021, two days before Defendant Fowler's retirement, Officer Gatchel was approached by Lieutenant Going, who told Officer Gatchel to steer clear of Defendant Fowler because his behavior was worse than usual. Officer Gatchel retreated to her office and closed the door.

26.     Around noon, Detective Foster came to Officer Gatchel's office to tell her that it was safe to exit her office and that Defendant Fowler had been taken home after it was discovered he was drinking on the job.

27.     Officer Gatchel later learned that before being escorted home on October 4, 2021, Defendant Fowler grabbed the buttocks of a female civilian employee.

### *Officer Gatchel is sexually battered by Defendant Fowler.*

28.     At Defendant Fowler's retirement party on October 6, 2021, Officer Gatchel stood in the line of officers expected to wish Defendant Fowler farewell.

29.     Officer Gatchel asked Detective Barefoot and Sergeant Rotella to act as a buffer between Officer Gatchel and Defendant Fowler because of Defendant Fowler's previous unwanted advances.

30.     Detective Barefoot and Sergeant Rotella assured Officer Gatchel that Defendant Fowler would not act inappropriately in a crowded retirement party.

31.     When it was Officer Gatchel's turn to congratulate Defendant Fowler,

Defendant Fowler hugged Officer Gatchel as he had the other officers, but Defendant Fowler grabbed Officer Gatchel's right buttock and squeezed it tightly between his fingers with his left hand.

32.    Officer Gatchel immediately pushed Defendant Fowler's hand away and stepped backwards.

33.    Crime Scene Technician Lori Jackson, who was taking photos of the retirement party, told Officer Gatchel that she had captured Defendant Fowler's actions in a photograph.

34.    Officer Gatchel retreated to her office in embarrassment.

35.    Officer Gatchel left her office only when approached by Sergeant Spencer, who was looking for cake from the retirement party that he had missed. Officer Gatchel led him to the training room, where the cake had been, then learned it was moved to the roll call room.

36.    As Officer Gatchel accompanied Sergeant Spencer to the roll call room, she encountered Defendant Fowler. Defendant Fowler stopped Sergeant Spencer and Officer Gatchel to brag about his sexual battery of Officer Gatchel in front of her co-workers. Officer Gatchel quickly walked away in embarrassment.

### *Defendant Fowler receives special treatment from Henry County Human Resources, Prosecutor.*

37.    Officer Gatchel reported her sexual battery to Henry County Human Resources, where Defendant Cooper serves as Human Resources Director.

38.   Officer Gatchel also filed a police report with the Henry County Police Department.

39.   Captain Danny Stapp, Defendant Fowler's replacement as CID Commander, took Officer Gatchel's sexual battery report.

40.   Despite Officer Gatchel being told that the Human Resources Department would contact her regarding Defendant Fowler's sexual battery, Officer Gatchel was not contacted.

41.   Instead, Officer Gatchel, after repeated calls, was able to contact Human Resources via phone, almost a month after the battery occurred. Human Resources Employee Kristi Johnson told Officer Gatchel that the Human Resources Department understood the matter was being handled criminally and that Human Resources would not be involved.

42.   Officer Gatchel soon thereafter met with Ms. Johnson and Defendant Cooper at the Human Resources Department and was then told that—instead of having no involvement, as she had been told on the telephone—Human Resources was delaying action resolution of any criminal charges against Defendant Fowler.

43.   Despite Defendant Amerman being Defendant Fowler's superior, in a Police Department where Defendant Fowler had worked since 1997, Defendant Amerman did not refer investigation of the sexual battery on Officer Gatchel to the Georgia Bureau of Investigations, as is required in cases in which a police department has a conflict of interest.

44.     Initial incident reports written by the police are public records required to be disclosed by the Georgia Open Records Act, O.C.G.A. § 50-18-72(4). In contravention of statutory law, Officer Gatchel has been barred from receiving the initial incident report in her sexual battery.

45.     Officer Gatchel was informed by the Henry County Police Department that her case would be prosecuted by Henry County Solicitor General Pam Bettis.

46.     Solicitor General Bettis is both a former Henry County Police Department Officer and close personal friend of Defendant Fowler, whom Solicitor General Bettis regularly accompanies on fishing trips.

47.     Despite this clear conflict of interest, Solicitor General Bettis has refused to refer prosecution of Defendant Fowler to the Georgia Attorney General's Office for reassignment to another prosecutor's office.

48.     On November 17, 2021, Officer Gatchel emailed Solicitor General Bettis to inquire as to why no criminal action had yet been taken against Defendant Fowler, more than a month after Officer Gatchel was sexually battered and reported the sexual battery to the Henry County Police Department.

49.     Solicitor General Bettis agreed to meet with Officer Gatchel. During that meeting, Solicitor General Bettis informed Officer Gatchel that the Solicitor General's Office was declining to issue an arrest warrant for Defendant Fowler.

50.     Solicitor General Bettis informed Officer Gatchel that if Officer

Gatchel wished to proceed with criminal charges against Defendant Fowler, Officer Gatchel would be forced to swear a criminal affidavit against Defendant Fowler.

51.     During that same meeting, Solicitor General Bettis informed Officer Gatchel that the Solicitor's Office had taken over her sexual battery from the Henry County Police Department and was utilizing Solicitor General Bettis's own investigators "to avoid any conflict."

52.     Solicitor General Bettis also told Officer Gatchel that she had discussed the case with the Prosecuting Attorneys' Council of Georgia and that the case had weaknesses.

53.     Despite her voiced concerns that Defendant Fowler was receiving special treatment by law enforcement and prosecutors, Officer Gatchel executed an Affidavit in Support of Accusation against Defendant Fowler, and a criminal action was initiated, Case No. 2021-SR-3652-RBJ, State Court of Henry County, on November 22, 2021.

54.     Officer Gatchel's Affidavit in Support of Accusation is not accessible on public filing system of Henry County State Court, nor are any details of the allegations against Defendant Fowler publicly available.

55.     To date, Defendant Fowler has not been arrested, booked, or processed for the crimes of which he is accused.

56.     When Defendant Fowler's retained attorney in the criminal matter

against him requested discovery in the case, Solicitor General Bettis, Defendant Fowler's close personal friend, responded to the discovery herself and did not assign response to a subordinate.

57.     On July 15, 2022, Officer Gatchel was contacted by Kim Parrish, a Victim Advocate with the Henry County Solicitor General's Office. Ms. Parrish informed Officer Gatchel that the Solicitor General's Office is planning to recommend that Defendant Fowler enter a guilty plea in the criminal matter against him, with his sentence consisting of an apology letter and a $1,000.00 fine.

### *Officer Gatchel suffers emotional and physical distress and retaliation.*

58.     Soon after suffering sexual battery at the hands of Defendant Fowler, Officer Gatchel began to suffer severe migraine headaches.

59.     Officer Gatchel's physicians have attributed the migraine headaches she suffers to both the trauma of sexual battery and to Officer Gatchel's frustrated attempts to seek justice against the perpetrator of the battery, Defendant Fowler.

60.     Additionally, Officer Gatchel has suffered diagnosed anxiety, depression, and post-traumatic stress disorder, for which she has sought treatment from a licensed therapist.

61.     On or about December 7, 2021, these symptoms forced Officer Gatchel to take paid medical leave.

62.     In March 2022, Officer Gatchel attempted to return to work on light duty, wearing a hat and sunglasses to avoid the onset of migraines and working

half-days per her physician's orders.

63.    Captain Danny Stapp, who was Defendant Fowler's replacement and who took the report of Officer Gatchel's sexual battery, informed Officer Gatchel that she would not be able to return to work until she was cleared for full duty.

64.    Other Henry County Police Department officers are regularly allowed to return to light-duty work when a physician's orders prescribe light duty.

65.    Captain Stapp took this action as retaliation for Officer Gatchel reporting Defendant Fowler's sexual battery.

66.    As a result of Captain Stapp's action, Officer Gatchel was forced to work without pay until she convinced her physician to clear her for a full-duty return to work.

## IV.    Governmental and Decision Maker Liability and Punitive Damages Allegations

67.    The highest County official with authority to hire, fire, transfer, demote, promote, discipline, and take other personnel actions affecting employees of the Henry County Police Department, including the Plaintiff, made or approved the adverse actions in this case.

68.    The above-pled employment actions were neither subject to, nor required, higher review or approval. Their above-pled employment actions also were not subject to appeal or reversal by any other official or entity.

69.   Upon information and belief, either Defendant Amerman or Defendant Cooper was the final policy maker with respect to each of the unlawful employment actions giving rise to this Complaint.

70.   The individual Defendants undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of state and local law.

71.   At all times material to this Complaint, it was clearly established law that subjecting a subordinate to sexual harassment or a sexually hostile working environment based upon gender violates the Equal Protection Clause and Title VII. At all times material to this Complaint, it was clearly established law that a supervisor may not take an adverse employment action against a subordinate because she rejects or complains about an individual's sexual advances.

72.   Defendants Fowler, Amerman, and Cooper undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her federally protected rights.

73.   Additionally, and in the alternative, Defendants Fowler, Amerman, and Cooper undertook all of the above-pled conduct with reckless disregard for the Plaintiff and her federally protected rights.

**V.      CAUSES OF ACTION**

**COUNT I**
**SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendants Henry County**
**and Defendants in their Individual Capacities)**

74.    Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

75.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws regardless of her gender.

76.    Defendant Fowler violated Plaintiff's rights to equal protection by, among other things, subjecting her to a sexually harassing and hostile working environment. Defendants Amerman and Cooper violated her rights to equal protection by taking adverse employment actions against the Plaintiff for her reporting such harassment. Defendants Amerman, Cooper, and Henry County violated her rights to equal protection by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

77.    The conduct of Defendants constitutes unlawful sexual harassment, based upon gender, in violation of the Equal Protection Clause. Additionally, and in the alternative, Defendants' unlawful conduct constitutes sexual harassment culminating in an ultimate employment action against the Plaintiff.

78.    Defendants Fowler, Amerman, and Cooper undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of State and local law.

79.    Defendants Fowler, Amerman, and Cooper's unlawful conduct

violated the above-pled clearly established law.

80.    As a direct and proximate result of all of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

81.    Defendants Fowler, Amerman, and Cooper undertook their unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against them.

82.    Alternatively, Defendants Fowler, Amerman, and Cooper undertook their unlawful conduct recklessly with respect to the Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against them.

**COUNT II**
**VIOLATION OF TITLE VII - SEX DISCRIMINATION**
**(Against Defendants Henry County**
**and Defendants in their Individual Capacities)**

83.    Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

84.    In violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.*, Defendants discriminated against Plaintiff on the basis of sex by subjecting her to a hostile work environment that was severe and pervasive enough to affect the terms and conditions of her employment.

85.    Defendants' discrimination against Plaintiff was committed with

reckless and callous disregard of his Title VII right to a workplace free from discrimination based on sex.

86.    As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, anguish, and other incidental and consequential damages and expenses.

87.    As a proximate result of the Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF TITLE VII – RETALIATION
### (Against Defendants Henry County
### and Defendants in their Individual Capacities)

88.    Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

89.    By failing to allow Plaintiff to return to light-duty work because she reported Defendant Fowler's actions, Defendants retaliated against her in violation of Title VII.

90.    As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future

earnings, the loss of employment benefits, severe emotional and psychological distress, anguish, and other incidental and consequential damages and expenses.

91.     As a proximate result of the Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT IV
## BATTERY
**(Against Defendant Fowler in his individual capacity
and Defendant Henry County under the doctrine of *respondeat superior*)**

92.     Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

93.     Defendant Fowler intentionally made physical contact with the intimate parts of Plaintiff's body, her buttocks.

94.     Defendant Fowler's touching of Plaintiff was offensive.

95.     Defendant Fowler's touching of Plaintiff proceeded from anger, rudeness, or lust.

96.     Defendant Henry County ratified Defendant's touching of Plaintiff by knowing of Defendant Fowler's history of sexual battery on female employees and failing to take action against Defendant Fowler.

97.    Defendant Henry County therefore is liable under the doctrine of *respondeat superior*.

98.    As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, anguish, and other incidental and consequential damages and expenses.

99.    As a proximate result of the Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Fowler in his individual capacity
### and Defendant Henry County under the doctrine of *respondeat superior*)

100.    Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

101.    Plaintiff suffered physical impact in the sexual battery committed by Defendant Fowler.

102.    Defendant Fowler's actions described herein were intentional.

103.    Defendant Fowler's actions described herein were extreme or outrageous.

104.   As a direct and proximate cause of Defendant Fowler's actions, Plaintiff suffered severe emotional distress.

105.   Defendant Henry County ratified Defendant's touching of Plaintiff by knowing of Defendant Fowler's history of sexual battery on female employees and failing to take action against Defendant Fowler.

106.   Defendant Henry County therefore is liable under the doctrine of *respondeat superior*.

107.   As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, anguish, and other incidental and consequential damages and expenses.

108.   As a proximate result of the Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109.   Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth.

110.   Plaintiff suffered physical impact in the sexual battery committed by

Defendant Fowler.

111.   The physical impact Plaintiff suffered caused injury to Plaintiff, resulting in mental suffering and/or emotional distress.

112.   Defendant Henry County ratified Defendant's touching of Plaintiff by knowing of Defendant Fowler's history of sexual battery on female employees and failing to take action against Defendant Fowler.

113.   Defendant Henry County therefore is liable under the doctrine of *respondeat superior*.

114.   As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, anguish, and other incidental and consequential damages and expenses.

115.   As a proximate result of the Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief: compensatory damages in the form of lost wages and employment benefits, punitive damages, pre-judgment and post-judgment

interest, reasonable attorneys' fees and costs, and such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of the triable issues of fact and damages stated herein.

Dated:        August 16, 2022

*s/ Constance Cooper*
Constance Cooper, Esq.
Ga. Bar No. 469041
ccooper@hrsclaw.com
Hillary M. Nappi
(*pro hac vice to be requested*)
hnappi@hrsclaw.com
Hach, Rose, Schirripa &
Cheverie LLP
112 Madison Avenue
10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0029

*Counsel for Plaintiff*
